UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK STEWART | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5729 |
| JEFFERY GONZALES | * | SECTION "T" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Frank Stewart filed his Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on October 2, 2023. ECF Nos. 1, 2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 3. This October 5, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim, on or before Tuesday, November 7, 2023, in accordance with 28 U.S.C. § 1915(e)(2). Plaintiff failed to file a timely response. On October 10, 2023, however, Plaintiff filed a Notice of Change of Address. ECF No. 5. Given the proximity in time between the filing of the Show Cause Order and Plaintiff's address change, and out of an abundance of caution, on November 20, 2023, the Court ordered the Clerk of Court to send a copy of the Show Cause Order (ECF No. 5) to Plaintiff's new address of record. ECF No. 6. This November 20, 2023 Order continued Plaintiff's show cause deadline to Friday, December 15, 2023. *Id*. The Order further advised Plaintiff that his failure to respond in writing as directed may result in dismissal of his complaint. Plaintiff again failed to file a timely response.

I. **PLAINTIFF'S CLAIMS**

Plaintiff asserts a claim against his landlord Jeffery Gonzales for unlawful eviction and seeks damages as well as an order precluding eviction from his apartment. ECF No. 1 ¶¶ III, IV.

Plaintiff's Complaint reflects that both he and his landlord are Louisiana citizens. *Id.* ¶ II(B). Plaintiff purports to invoke federal question jurisdiction, asserting that his private landlord's conduct violates the First, Eighth and Thirteenth Amendments. *Id.* ¶ II(A). Construing Plaintiff's *pro se* complaint broadly,[1] it appears that he is alleging violations of 42 U.S.C. § 1983. However, a § 1983 claim requires state-action because government infringement is prohibited.[2] Plaintiff names only his private landlord as a defendant, indicating his claim does not involve state-action.

The Court's October 5, 2023 Order explicitly instructed Plaintiff to submit a response containing specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim, as necessary to determine whether the complaint satisfies the requirements of the federal *in forma pauperis* statute. The Order also placed Plaintiff on notice that his failure to comply with the order may result in the dismissal of his complaint.

## II. APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[3] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[4] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or

---

[1] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (holding *pro se* complaints must be broadly construed).
[2] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156, (1978)).
[3] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[4] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[5]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[6]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[7]  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[8]  A court may not dismiss a claim simply because the facts are "unlikely."[9]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[10]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[11]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[12]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than

---

[5] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[6] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[9] *Moore*, 976 F.2d at 270 (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[10] *Id.*
[11] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[12] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

"unadorned, the-defendant-unlawfully-harmed-me accusation."[13]  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[14]

### C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[15]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[16]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[17]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[18]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[19]  Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[20]

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[14] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[15] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).
[16] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[17] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[18] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[19] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[20] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

### III.   ANALYSIS

Plaintiff asserts a claim against his landlord Jeffery Gonzales for unlawful eviction and seeks to preclude his eviction and damages sustained in being evicted from his apartment. ECF No. 1 ¶¶ I(B), III-IV. He purports to invoke this Court's federal question jurisdiction based on alleged violations of the First, Thirteenth, and Eighth Amendments and Section 8. *Id.* ¶ II(A) at 3. However, there is no federal cause of action directly under the Constitution;[21] instead, a plaintiff seeking relief in federal court on constitutional grounds must do so pursuant to a specific federal statute. Construing Plaintiff's *pro se* complaint broadly,[22] it appears that he is alleging violations of 42 U.S.C. § 1983. However, a § 1983 claim requires state-action.[23] Thus, a private individual, such as a private landlord, cannot be held liable under § 1983 unless he conspires with a state actor to commit an illegal act that violates a plaintiff's constitutional rights.[24] Plaintiff makes no such allegations against his landlord here. Instead, he merely asserts that the landlord unlawfully evicted him,[25] and courts have made clear that evictions are a state law matter.[26]

Plaintiff's references to Section 8 likewise fail to create federal question jurisdiction over his eviction by a private landlord[27] because there is no specific jurisdictional grant to federal courts

---

[21] *See Hernandez v. Mesa*, 589 U.S. ---, 140 S.Ct. 735, 742 (2020) ("[A] federal court's authority to recognize a damages remedy must rest at bottom on a statute enacted by Congress"); *Azul–Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir. 1992) (holding that a takings plaintiff has "no cause of action directly under the United States Constitution"), *cert. denied*, 506 U.S. 1081, 113 (1993); *Southpark Square Ltd. v. City of Jackson*, 565 F.2dd 338, 341 (5th Cir. 1977) ("In federal question cases under [§] 11331, where the complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit. The two exceptions are where the federal question clearly appears to be immaterial and made solely for purposes of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.") (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)) (internal quotations omitted).
[22] *Moore*, 976 F.2d at 269 (holding *pro se* complaints must be broadly construed).
[23] *Lugar*, 457 U.S. at 936 (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156, (1978)).
[24] *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *8-*9 (E.D. La. Dec. 17, 2015) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)).
[25] ECF No. 1 ¶ III, at 4.
[26] *Forar v. Avery*, No. 20-3273, 2021 WL 3173818, at *2 (E.D. La. May 18, 2021) (van Meerveld, M.J.) (citing cases), *R.&R. adopted.*, No. 20-3273, 2021 WL 3164163 (E.D. La. July 27, 2021) (Lemelle, J.).
[27] *See Miller v. Hartwood Apartments, Ltd.,* 689 F.2d 1239, 1242-43 (5th Cir. 1982) (given the private operation of a HUD Section 8 new construction apartment complex, there was no governmental action which could support Section 1983 claims of tenants who were evicted in state court proceedings and who sought relief from landlords for alleged

to enforce a tenant's rights. Hence "[a]ll evictions must be carried out through judicial process under State and local law."[28]

Although Plaintiff attaches a judgment of eviction issued by the Fifth Justice of the Peace Court for the Parish of Jefferson on September 12, 2023, he does not ask for specific relief from the judgment in his Complaint. ECF No. 1-1 at 2. In his "Amended Complaint," Plaintiff contends that the eviction proceedings did not meet certain evidentiary and procedural requirements. *Id*. at 8-14. To the extent Plaintiff attempts to appeal the state court judgment, a federal court does not have jurisdiction over an appeal from a state parish court judgment. Indeed, federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments under the Rooker-Feldman doctrine.[29] If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse through the federal system is then limited to an application for a writ of certiorari to the United States Supreme Court.[30]

Plaintiff's wrongful eviction claims are thus not properly before this court. On its face, Plaintiff's complaint does not reflect a colorable claim rising under federal law, as necessary to support federal question jurisdiction under § 1331. Nor has Plaintiff alleged facts necessary to support the exercise of diversity jurisdiction under § 1332. Accordingly, Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction.

---

violations of their constitutional rights) (citing United States Housing Act of 1937, § 8, 42 U.S.C. § 1437f; 42 U.S.C. § 1983).

[28] *Sherman v. Johnson,* No. 22-1309, 2022 WL 9569737, at *2 (W.D. La. Aug. 3, 2022) (citing *GMA Properties v. Stewart,* No. 15-3360, 2015 WL 5838272 (E.D. La. 2015) (Lemmon, J.) and quoting 24 C.F.R. § 882.511(e)), *R. & R. adopted*, 2022 WL 9597903 (W.D. La. Oct. 14, 2022), *aff'd*, No. 22-30693, 2023 WL 4704141 (5th Cir. Jul. 24, 2023); *see also Banks v. Dallas Hous. Auth,* 271 F.3d 605 (5th Cir. 2001) (holding that tenants could not enforce alleged Section 8 violations through § 1983 and that no implied private right of actin existed for Section 8 violations).

[29] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district court review and rejection of those judgments). *See also Hagerty v. Succession of Clement,* 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

[30] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

In a final effort to provide Plaintiff an opportunity to show cause why his complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to this Report and Recommendation within fourteen (14) days from the date of service of same. It is suggested to Plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous order. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of his case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[31]

### IV.   CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or for lack of subject matter jurisdiction. Despite being advised that his failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting his cause(s) of action.

---

[31] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff Frank Stewart's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this __26th__ day of December, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE